UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Alfonse Persico,  :
 :
                Petitioner, : **MEMORANDUM AND ORDER**
 :
                -against- : 06-CV-2147 (DLI)
 :
Paul Laird, Warden, Metropolitan Detention :
Center :
                Respondent. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Having exhausted his administrative remedies, Alfonse Persico ("Petitioner") petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking review of an administrative determination made by the Bureau of Prisons ("BOP"), which denied Petitioner credit for time served in federal custody prior to an acquittal on an unrelated indictment. For the reasons set forth below, the court denies Petitioner's request for relief.

**I.    Background**

On May 12, 1993, the government detained Petitioner pursuant to *United States v. Persico*, 92 CR 351 (S-10) (CPS) (the "Persico Indictment"), which charged, *inter alia*, violations of 18 U.S.C. §§ 1962(c) and (d) (Racketeering Influenced and Corrupt Organizations Act ("RICO")). Predicate act one of the RICO counts alleged Petitioner's participation in the murder of Steven Piazza (the "Piazza murder"), which occurred between May 1, 1985 and June 13, 1985. (Gov't Ex.t A at 5.) Predicate acts two through eight alleged a murder conspiracy and Petitioner's participation in five additional murders. (Gov't Ex. A at 6-8.) The Persico Indictment also included charges of assault, extortion, and using and carrying firearms. (Gov't Ex. A at 15-16.) All of the acts related to the Persico Indictment were alleged to have occurred

between 1985 and May 13, 1993. The jury found Petitioner guilty beyond a reasonable doubt for his participation in the Piazza murder. As the jury did not find Petitioner guilty of another predicate act, however, Petitioner was acquitted on August 8, 1994 and released from BOP's custody on that date. (Gov't Mem. Opp. at 5-6; Gov't Ex. E at 63.)

On January 24, 2001, Petitioner completed an eighteen-month prison sentence for a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) in the Southern District of Florida. (Gov't Mem. Opp. at 6; Gov't Ex. E at 4.) Subsequently, Petitioner remained in custody due to a separate indictment from this district (the "Anemone Indictment"), charging him with new violations of 18 U.S.C. §§ 1962(c) and (d), and related crimes. (Gov't Ex. B.) Pursuant to a plea agreement, Petitioner plead guilty to RICO and RICO conspiracy, in violation of 18 U.S.C. § 1962(c) and (d); racketeering through collection of unlawful debt, in violation of 18 U.S.C. § 1962(c); loansharking conspiracy, in violation of 18 U.S.C. § 894; and two counts of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). (Gov't Ex. C). These offenses are alleged to have occurred between November 1993 and April 19, 2001. (Gov't Ex. B at 8-13.) Pursuant to Rule 11(e)(1)(c) of the Federal Rules of Criminal Procedure (effective Dec. 1, 1999), the government and Petitioner agreed upon a 156-month sentence of incarceration, provided that the government could justify an upward departure of Petitioner's sentence under the sentencing guidelines. (Gov't Ex. C at 4.)

On November 21, 2003, the Honorable Reena Raggi, then a United States District Judge of this court, presided over Petitioner's sentencing hearing. (Gov't Ex. D at 42.) The court determined that Petitioner's guideline range was 92 to 115 months based upon an offense level 26 and a criminal history category of IV. (*Id*. at 66-67.) To justify the 156-month sentence, the government proffered the jury's finding in the trial of the earlier Persico Indictment that

Petitioner participated in the Piazza murder. (*Id.* at 62-63.) In light of this and other evidence of Petitioner's extensive criminal history, the court accepted the agreed-upon sentence, stating that Petitioner "presents a real serious danger to the community," that his risk of recidivism "is not adequately represented by criminal history category four," and that the court's concern "is not whether [the sentence] is too severe . . . [, but rather] whether it is too lenient." (*Id.* at 68-70.) Referring to Petitioner's criminal history, the court also noted that a criminal history level of "six is not adequate . . . [and that it was] not sure that anything other than incarceration of Mr. Persico for the rest of his natural life will discourage him from committing crimes." (*Id.* at 71.) In summarizing the substance of the sentence to Petitioner, Judge Raggi stated, "Mr. Persico, you are before the Court to be sentenced on six crimes. Six crimes in which you were charged in this indictment." (*Id.* at 75.) Judge Raggi also stated, "I sentence you to the custody of the Attorney General on each of the six counts of conviction to a term of 156 months." (*Id.* at 76.)

Petitioner's sentence was computed from November 21, 2003. (Gov't Ex. E at 4.) The BOP awarded Petitioner prior custody credit from January 25, 2001 to November 20, 2003. (*Id.*) On August 13, 2004, Petitioner submitted a Request for Administrative Remedy at the institutional level at the Federal Correctional Institution in Fairton, New Jersey. (Gov't Ex. F). Petitioner requested credit for time spent in detention from May 12, 1993 through August 8, 1994 under the Persico Indictment. (*Id.*) Warden Jonathan C. Miner denied Petitioner's request, determining that Petitioner's prior detention was for a distinct offense and not "an overt act of the conspiracy for which [Petitioner is] currently convicted and incarcerated for." (*Id.* at Part B.) Warden Miner distinguished the crimes for which Petitioner was convicted from evidence "considered by the sentencing court simply for guideline purposes." (*Id.*)

Petitioner then submitted a Regional Administrative Remedy Appeal to the Regional Director in Philadelphia, Pennsylvania, and, on September 28, 2004, the Regional Director denied Petitioner's Appeal. (Gov't Ex. E at 11; Gov't Ex. G.) Finally, Petitioner submitted a Central Office Administrative Remedy Appeal to the National Inmate Appeals Administrator in Washington, D.C., who also denied Petitioner's appeal. (Gov't Ex. E at 12; Gov't Ex. H.) It is undisputed that, through these proceedings, Petitioner exhausted his administrative remedies. (Gov't Mem. Opp. at 10; Pet'r. Mem. Supp. at 2.) Petitioner now seeks this court's review of the BOP's determination pursuant to a writ of habeas corpus under 28 U.S.C. § 2241.

## II. Discussion

A writ of habeas corpus under 28 U.S.C. § 2241 is available to a federal prisoner who challenges the execution of his sentence subsequent to conviction. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). The BOP, under the authority of the Office of the Attorney General, is responsible for the execution of sentences and the computation of jail time, including the amount of any prior custody credit owed to the defendant. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Title 18 U.S.C. § 3585(b) defines circumstances under which prior custody credit shall be included in sentence computation. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). Only after a prisoner has exhausted all administrative remedies may he petition a district court to determine whether BOP correctly computed sentencing credit.

*Martinez v. United States*, 19 F.3d 97, 99 (2d Cir. 1994) (citing *Wilson*, 503 U.S. at 335). In this case, it is undisputed that Petitioner has exhausted all administrative remedies. (Gov't Mem. Opp'n. at 10; Pet'r. Mem. Supp. at 2.) Thus, the court must determine whether the BOP correctly applied section 3585(b). *Rosemond v. Menifee*, 137 F.Supp.2d 270, 272 (S.D.N.Y. 2000).

   A.    Section 3585(b)(1)

First, a defendant may receive credit for time served if the time served was imposed as a result of the offense for which the sentence was imposed. 18 U.S.C. § 3585(b)(1). Petitioner claims that "[t]o achieve the desired sentence, it was necessary for the government to include in the sentence, the offense of the Piazza murder, and as a result it became part of the offense for which the current sentence is based." (Pet'r Mem. at 6.) Petitioner is mistaken.

As explained in *United States v. Concepcion*, "though in imposing sentence the district court may take into account conduct that was not the basis for conviction, the punishment imposed is 'for' the offense of conviction, not for the other conduct." 983 F.2d 369, 390-91 (2d Cir. 1992), *cert. denied sub nom.*, *Frias v. United States*, 510 U.S. 856 (1993). In that case, the defendant's 120-month sentence was based, in part, on charges for which the defendant was acquitted. *Id*. at 374, 391. The defendant appealed, contending that the reliance on acquitted conduct as a basis for enhancing punishment violated the Fifth Amendment's prohibition of double jeopardy. The Second Circuit rejected this argument, making an important distinction between the offense for which a defendant is sentenced and information used for a sentence enhancement. *Id*. at 390-91. The court stated, "[i]n considering the acquitted conduct as a basis for enhancing [the defendant's] sentence, the district court 'was not relying on facts disclosed at trial to punish the defendant for the extraneous offense, but to justify the heavier penalties for the

5

offenses for which he was convicted.'" *Id.* (quoting *United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 181 (2d Cir. 1990)). Because the acquitted conduct was not the basis for conviction, but merely information referenced for sentencing, the defendant's rights were not violated. Though Petitioner in this case does not raise a double jeopardy defense, the facts and holding of *Concepcion* are analogous and applicable.

It is clear that Petitioner was confined from May 12, 1993 through August 8, 1994 pursuant to the acts alleged in the Persico Indictment, including the Piazza murder. The Persico Indictment charged Petitioner with the following: racketeering crimes in violation of 18 U.S.C. §§ 1962(c) and (d) including murder conspiracy, participation in six murders, assault, and loansharking conspiracy, extortion, and using and carrying firearms. The government alleged that those acts occurred between 1985 and May 13, 1993. In turn, the Anemone Indictment contained new racketeering violations of 18 U.S.C. §§ 1962(c) and (d) including, loansharking, money laundering, illegal gambling, distribution of various narcotics, securities fraud, extortion and embezzlement. The government alleged that those acts occurred between November 1993 and April 19, 2001.

Petitioner is currently incarcerated because he pled guilty to charges in the Anemone Indictment including, RICO and RICO Conspiracy, racketeering through collection of unlawful debt, loansharking conspiracy, and two counts of money laundering conspiracy. Petitioner accurately contends that the sentencing court upwardly departed from the sentencing guidelines because of Petitioner's participation in the Piazza murder, a crime which a jury found Petitioner guilty of beyond a reasonable doubt. As in *Concepcion*, however, this "other conduct" was merely referenced to justify a heavier penalty for the six offenses to which he pled guilty. Notably, the sentencing court told Petitioner, "Mr. Persico, you are before the Court to be

sentenced on six crimes. Six crimes in which you were charged in this indictment" and further stated, "I sentence you to the custody of the Attorney General on each of the six counts of conviction to a term of 156 months." (*Id*. at 75-76.) Petitioner's participation in the Piazza murder was not the offense for which the sentence was imposed, but merely considered for sentence enhancement. Consequently, Petitioner is not eligible for credit for time served during his previous trial under §3585(b)(1). Thus, the BOP correctly determined that Petitioner was not entitled to sentencing credit under 18 U.S.C. §3585(b)(1).

**B.     Section 3585(b)(2)**

Section §3585(b)(2) requires that a defendant be given sentence credit for time served "as a result of any other charge for which the defendant was arrested *after* the commission of the offense for which the sentence was imposed" (emphasis added). As explained above, the offenses for which Petitioner's 156-month sentence was imposed are limited to the charges to which Petitioner pled guilty in the Anemone Indictment. These crimes took place between November 1993 and April 19, 2001. The Piazza murder is alleged to have occurred between 1985 and May 13, 1993. As the RICO offenses charged in the Persico indictment, including the Piazza murder that resulted in Petitioner's detention from May 12, 1993 to August 8, 1994, *preceded* the crimes for which Petitioner's 156-month sentence was imposed, the BOP correctly held that Petitioner is not entitled to sentencing credit under 18 U.S.C. §3585(b)(2).

**III. Conclusion**

For the reasons set forth above, Petitioner's request for relief is denied. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

SO ORDERED.

Dated: Brooklyn, New York
       March 19, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge